# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOANNE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV73 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision denying Plaintiff's application for a Period of Disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, in which she claimed she was disabled because of carpal tunnel syndrome, depression, anxiety, panic attacks, and migraines. After a hearing, an Administrative Law Judge (ALJ) concluded that Plaintiff was not disabled. Because the Court finds that the ALJ committed no legal error and his decision was based on substantial evidence on the record as a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

whole, the decision is affirmed.

## Procedural History

Plaintiff filed her application for a period of disability and disability insurance benefits on July 9, 2009, alleging a disability onset date of January 15, 2007. On September 9, 2009, the Social Security Administration denied her claim for benefits. Upon Plaintiff's request, an administrative hearing was held before an ALJ on April 23, 2010, at which Plaintiff, and a vocational expert testified. On July 27, 2010, the ALJ issued a decision denying Plaintiff's claim for benefits, finding Plaintiff able to perform work in the national economy. On November 9, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. The Appeals Counsel declined to review the remanded decision under the exceptions ruled. The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

In the instant action for judicial review, Plaintiff contends that the ALJ erred in determining RFC by failing to find additional limitations supported by the record, including more restricted use of the arms, limitations with concentration and attention, and the need to lie down during the day. Further, Plaintiff argues that the ALJ erred in failing properly to analyze Dr. Jones's opinions or accord them sufficient weight pursuant to the regulations.

**Testimonial Evidence Before the ALJ**

At the hearing on September 26, 2011, Plaintiff testified in response to questions posed by the ALJ and counsel.

At the time of the hearing, Plaintiff was 49 years old she testified to having carpal tunnel syndrome, as well as depression, anxiety panic attacks, and migraines. She testified she can sit about an hour before needing to stand up and that she cannot lift more than 5 pounds. Even with medication, Plaintiff testified that she has breakthrough headaches. Plaintiff testified she has constant pain from her elbow to her fingertips. She experiences a shock sensation when trying to grip things or pick up something heavy. She constantly drops even light objects. She wears wrist splints every day. She has difficulty sleeping, the pain wakes her up at night. She has crying spells, as well as has panic attacks every day. Plaintiff has problems focusing.

A vocational expert also testified. In answer to the ALJ's hypothetical question, the VE testified that Plaintiff could perform light exertional work with the limitations placed by the ALJ regarding pushing, pulling, lifting, handling that is gross manipulation and fingering, fine manipulation, limited to frequent, not constant. She should avoid concentrated exposure to excessive vibration and hazardous machinery.

The ALJ found that Plaintiff had engaged in substantial gainful activity through August 2008, but not September 1, 2008. The ALJ found Plaintiff had the severe impairments of: history of carpal tunnel syndrome, depression/anxiety and degenerative disc disease, but that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally push/pull with the upper extremities, she can frequently (not constantly) handle; she should avoid concentrated exposure to excessive vibration and industrial hazards; and she is limited to performing only unskilled work. The ALJ found Plaintiff was unable to perform any past relevant work. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff was able to perform jobs that exist in significant numbers in the national economy. The ALJ thus found Plaintiff not to be under a disability from January 15, 2007, through July 27, 2010.

**Discussion**

To be eligible for supplemental security income under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552,

555 (8th Cir.1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits her ability to do basic work activities. If the claimant's impairment is not severe, then she is not disabled. The Commissioner then determines whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R., Subpart P, Appendix 1. If so, the claimant is

conclusively disabled. At the fourth step, the Commissioner establishes whether the claimant can perform her past relevant work. If the claimant can do so, she is not disabled. Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

In cases involving mental impairments, the Commissioner undergoes an additional evaluation process to determine the severity of such impairment(s). 20 C.F.R. § 416.920a. Specifically, the Commissioner rates the degree of functional loss the claimant suffers as a result of the impairment in the areas of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). If the mental impairment is found to be severe, the Commissioner then determines if it meets or equals a listed mental disorder. 20 C.F.R. § 416.920a(d)(2). If the severe impairment does not meet or equal a listed mental disorder, the Commissioner proceeds to perform an RFC assessment. 20 C.F.R. § 416 .920a(d)(3).

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir.2002). Substantial evidence is less than a preponderance but enough that a

reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir.2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the Commissioner's findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir.2007) (internal quotation marks and citation omitted). "Substantial evidence on the record as a whole ... requires a more scrutinizing analysis." Id. (internal quotation marks and citations omitted).

To determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court must review the entire administrative record and consider:

1. The credibility findings made by the ALJ.

2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiffs impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

*Stewart v. Secretary of Health & Human Servs.*, 957 F.2d 581, 585–86 (8th

Cir.1992) (internal citations omitted).

The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Coleman*, 498 F.3d at 770; *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999). However, even though two inconsistent conclusions may be drawn from the evidence, the Commissioner's findings may still be supported by substantial evidence on the record as a whole. *Pearsall*, 274 F.3d at 1217 ( citing *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000)). "[I]f there is substantial evidence on the record as a whole, we must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v.. Sullivan*, 977 F.2d 1249, 1252 (8th Cir.1992) (internal quotation marks and citation omitted); see also *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 977 (8th Cir.2003).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding his symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR)

96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the ALJ's RFC does not comply with Social Security Regulations because it does not contain a narrative discussion describing how the evidence supports each conclusion reached, *i.e.*, a function by function assessment of Plaintiff's ability to perform work-related activities. *See Depover v. Barnhart,* 349 F.3d 563, 565 (8th Cir.2003).

Plaintiff argues that the ALJ failed to consider Plaintiff's complaints and other limiting impairments, for example, the bulging disc in her neck. The ALJ discussed Plaintiff's work history and how it impacted on her credibility. Plaintiff continued to engage in gainful employment after her alleged onset date. Likewise, the collection of unemployment benefits undermines Plaintiff's credibility of disability since to collect unemployment benefits, one must be able to engage in gainful activity.

The ALJ considered Plaintiff's medical treatment and her progress. Plaintiff underwent bilateral carpal tunnel releases in April 2006 and May 2006. She underwent a second right carpal tunnel release in September 2007. Thereafter, Plaintiff engaged in substantial gainful activity demonstrating that the surgeries were effective in controlling her symptoms. See *Renstrom v. Astrue,* 680 F.3d 1057, 1066 (8th Cir. 2012). Plaintiff received conservative treatment for her neck pain, and her migraines were controlled by medication. Plaintiff's nerve conduction studies and EMGs showed normal results. She exhibited full strength, intact ranges of motion and intact sensation. Testing revealed grip strength between 21 and 44 pounds and pinch strength between 8 and 13 pounds. There is no medical evidence supporting Plaintiff's allegations that she is incapable of performing light work.

The Eighth Circuit has held that an ALJ does not fail in his duty to assess a claimant's RFC merely because the ALJ does not explicitly address all functional areas where it is clear he implicitly found the claimant not limited in those areas. *Depover,* 349 F.3d at 567–68. An ALJ may base his RFC determination on all evidence of record. *Pearsall v. Massanari,* 274 F.3d 1211, 1217–18 (8th Cir.2001) (citing *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995)). Social Security Ruling 96–8p specifically requires that an RFC determination include "a narrative

discussion describing how the evidence supports each conclusion." Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney,* 228 F.3d at 863.

**Dr. Jones' opinions and the weight given**

The ALJ discussed the inconsistencies between Dr. Jones' opinions and the medical records. Dr. Jones limited Plaintiff because of difficulty interacting with others. Contrarily, Plaintiff denied any problems following instructions. Moreover, there is nothing in the record to substantiate this limitation. Likewise, Plaintiffs treatment records indicate that Plaintiff has good grooming, logical and coherent thought processes, good eye contact, normal speech, euthymic mood, appropriate affect, normal memory, normal insight and good judgment, all in contrast with Dr. Jones' opinion that Plaintiff suffered form serious limitations. In finding that Plaintiff could perform a range of unskilled, light work, the ALJ properly considered the record as a whole, including Plaintiff's subjective complaints, and the reasons the ALJ discounted those complaints based on Plaintiff's allegations being not completely credible.

As discussed above, the medical evidence supports the ALJ's determination. The ALJ thoroughly considered and discussed this evidence in rendering his

decision. Overall, the ALJ's determination is both fully supported and sufficiently explained. The Court upholds the ALJ's determination of Plaintiff's RFC.

**Conclusion**

For all of the foregoing reasons, the Commissioner's decision that Plaintiff was not under a disability since January 15, 2007, is affirmed. Because the Commissioner committed no legal error and there is substantial evidence on the record as a whole to support the Commissioner's decision, the Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court might have reached a different conclusion. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir.2001); see also *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir.2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 26th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE